FILED
2013 Jul-29 PM 12:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| VS. ) | Case No. 2:11-cr-0424-CLS-PWF |
| ) | |
| ARTAVIS DESMOND MCGOWAN, ) | |
| DEFENDANT. ) | |

### DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S ORDER [DOC.#129]

COMES NOW the defendant, Artavis McGowan, by and through his attorney of record, and respectfully objects to the factual and legal conclusions contained within the Magistrate Judge's Order concerning the Defendant's Motion to Sever [Doc. 123], by stating the following:

The Defendant adopts and re-alleges all of the factual and legal arguments previously set forth in his brief in support of his Motion to Sever.

Severance is warranted in this case based on incriminating statements made by Figueroa and the affect these statements have on the "spillover effect". The Eleventh Circuit has stated the following:

> "[T]here are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored. Such a context is presented here, where the powerfully incriminating extrajudicial statements of a codefendant, who stands accused side-by-side with the defendant, are deliberately spread before the jury in a joint trial..." *United States v. Doherty*, 223 F. 3d 1275 (11th Cir. 2000)(citing *Bruton v. United States*, 391 U.S. 123, 135-36 (1968).

It has long been recognized that joinder may be prejudicial because of the natural tendency to infer guilt by association. *United States v. Bova*, 493 F.2d 33, 36 (5th Cir. 1974). Put simply, a defendant may suffer by being joined and therefore automatically associated with another alleged "bad man." *Id.* The Constitution "...demands only that the potential for transference of guilt be minimized to the extent possible under the circumstances...." *United States v. Elliott*, 571 F.2d 880, 905 (5th Cir. 1978); *United States v. Diaz*, 248 F.3d 1065, 1101 (11th Cir. 2001). Whether a severance is granted because of possible spillover depends on the facts of each particular case. *Bovain*, 708 F.2d 606 at 609.

This Honorable Court found that Mr. McGowan failed to identify any "powerfully incriminating extrajudicial statement." [Doc. 129, p. 7]. As the Court noted, the Government intends to use statements against Figueroa, which include, Figueroa driving a vehicle with cocaine located inside. [Doc. 129, p. 8]. The Government also intends to use statements made by Figueroa in which Figueroa admits driving a vehicle with large sums of cash hidden inside the vehicle, so that the cash could be returned to Texas. [Doc. 129, p. 8]. Furthermore, the Government intends to use a statement made by Figueroa regarding cell phones used, which were located next to the cocaine. [Doc. 129, p. 8]

When looking at the individualized facts in this case, severance should be granted. Having a joint trial will impact Mr. McGowan's right to a fair trial. Such incriminating statements made by Figueroa will sway the jury's view of Mr. McGowan to the point where he will be found guilty by association. Furthermore, because Figueroa is not a native English speaker, the chance for improper interpretation during his interrogation by the Government exists.

An example of one such improper interpretation has already been located. The Government contends that Figueroa stated the owner of the drugs was "El Moreno." The Government interpreted this to mean an African American male. El Moreno can actually be interpreted to mean the dark haired person or dark-skinned person.

The combination of the incriminating statements made by Figueroa and the chance for misinterpretation, gives rise to a substantial prejudicial affect against Mr. McGowan. Mr. McGowan's chances of receiving a fair trial are greatly reduced by a joint trial with Figueroa.

## CONCLUSION

Wherefore, based on the preceding issues and argument, defendant respectfully moves this Honorable Court to grant him severance from the co-defendant.

Dated: July 29, 2013

Respectfully Submitted,

**/s/ James W. Parkman, III**
JAMES W. PARKMAN, III
Attorney for Defendant McGowan
Parkman & White, LLC
1929 3rd Avenue, North; Suite 700
Birmingham, AL 35203
parkman@parkmanlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing with the Clerk of Court for the United States District Court for the Northern District of Alabama via the CM/ECF filing system and notice of such will be sent to all counsel of record on this the 29th day of July, 2013.

**/s/ James W. Parkman, III**
OF COUNSEL