FILED
2013 Jul-29  PM 08:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | Case No. 2:11-cr-04240CLS-PWF |
| | ) | |
| ARTAVIS DESMOND MCGOWAN | ) | |
| | ) | |
| DEFENDANT. | ) | |

## MOTION TO EXCLUDE

COMES NOW the defendant, Artavis McGowan, by and through his attorney of record, and respectfully moves this Honorable Court to exclude pursuant to both Rule 16 of the Federal Rules of Criminal Procedure and Mr. McGowan's Sixth Amendment right to a fair trial.

## ANALYSIS AND ARGUMENT

### I.      The Delay In Disclosing Statements By Mr. McGowan Warrants Exclusion Of All Evidence Regarding These Statements.

On July 26, 2013, the Government delivered 15 discs that contained several statements made by Mr. McGowan.  These items were delivered around 2:30 pm.  The first disc delivered contains around 151 recordings.  Based on defense counsels estimates, the total listening time for disc one will be at least two hours[1].  The second disc contains 581 recordings and 9,087 text messages.  Based on defense counsels estimates, the total listening time for disc two will be at least five hours.  Disc three contains 382 recordings.

---

[1] Defense counsel estimates that each 10 kilobyte segment is approximately one second long.

Based on defense counsels estimates, the total listening time for disc three will be at least five hours.  Disc four contains 1,927 recordings.  Based on defense counsels estimates, the total listening time for disc four will be at least 23 hours.  Disc five contains 172 calls for an estimated listening time of 2 hours and 45 minutes.  Disc six has 2,590 line sheets called.  The total listening time for the discs listed above will equate to around 35 hours of listening time.  There are also over 300 pages of affidavits and orders per wiretap with five accessible known wiretaps.  There are also discs with proprietary software that prevents defense counsel from accessing the data until the software is obtained.  Furthermore, we have been advised that additional material will be turned over on July 29, 2013.  This material will allow Mr. McGowan the first opportunity, a mere seven days before trial, to view statements made by the alleged co-conspirators.

The Federal Rules of Criminal Procedure state, "[u]pon a defendant's request, the government must disclose to the defendant, and make available for inspection, copying, or photographing, all of the following: (i) any relevant written or recorded statement by the defendant if: the statement is within the government's possession, custody, or control; and the attorney for the government knows—or through due diligence could know—that the statement exists." Fed. R. Crim. P. 16(B)(i).

The Eleventh Circuit has held that the Federal Rules of Criminal Procedure were specifically designed to prevent this type of "trial by ambush." *United States v. Noe*, 821 F.2d 604, 608 (11th Cir. 1987)(citing *United States . Martinez*, 763 F.2d 1297, 1315 (11th Cir. 1985).  When a defendant's substantial rights have been prejudiced, a reversal may be warranted.  *United States v. James*, 495 F.2d 434 (5th Cir. 1974)(citing *United*

*States v. Saitta*, 443 F.2d 830, 831 (5th Cir. 1971)[2].

"Substantial prejudice exists when a defendant is unduly surprised and lacks an adequate opportunity to prepare a defense, or if the mistake substantially influences the jury." *United States v. Camargo-Vergara*, 57 F.3d 993, 998-99 (11th Cir. 1995)(citing *United States v. Rivera*, 944 F.2d 1563 (11th Cir. 1991); *United States v. Barragan*, 793 F.2d 1255 (11th Cir. 1986). Rule 16 of the Federal Rules of Criminal Procedure is designed "to protect a defendant's right to a fair trial." *Id* at 999 (citing *United States v. Noe* 821 F.2d 604, 607 (11th Cir. 1987); (*United States v. Rodriguez*, 799 F.2d 649 (11th Cir. 1986); *United States v. Padrone*, 406 F.2d 560 (2d Cir. 1969).

There also exists a continuing duty to disclose. Federal Rule of Criminal Procedure Rule 16(c) states, "[a] party who discovers additional evidence or material before or during trial must promptly disclose its existence to the other party or the court if: (1) the evidence or material is subject to discovery or inspection under this rule; and (2) the other party previously requested, or the court ordered, its production." Fed. R. Crim. P. 16(c).

In this case, 15 discs were provided to Mr. McGowan on July 26, 2013 with additional material provided on July 29, 2013. The material on the discs is too voluminous for defense counsel to go through and prepare. As this Honorable Court will note, defense counsel has a duty to review each second of the recorded conversations and each document for relevant material. Lead Counsel James Parkman is scheduled to be in

---

[2] "We hold that the decision of the United States Court of Appeals for the Fifth Circuit (the "former Fifth" or the "old Fifth"), as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit." *Bonner v. City of Prichard*, 661 F. 2d 1206, 1207 (11th Cir. 1981).

New York on July 29th-30[th].  Mr. Parkman will then be in Dothan, Alabama on August 1st-2[nd].  These are trips set aside to prepare for upcoming trial dates in those cities. Furthermore, defense counsel specifically inquired about the existence of any wiretaps on a previous date[3].

Mr. McGowan's right to a fair trial will be substantially prejudiced if the alleged co-conspirators are allowed to testify to the information contained on these discs. Furthermore, at least one co-conspirator provided statements almost two months ago. Defense counsel has formulated a theory of the case without knowledge of any alleged co-conspirator testimony.  With this new information coming to light, a new defense theory may be required.  To allow these alleged co-conspirators to testify substantially impacts Mr. McGowan's right to a fair trial.

Furthermore, as the Court noted in the Standing Discovery Order filed in this case, "2.  Written and/or recorded statements made by the defendant; provided, however, that the government may file a sealed *ex parte* motion for a protective order to be relieved of the obligation to provide statements of the defendant where the statement does not relate to this prosecution…"  [Doc. 35, P. 1].  The Government had a continuing duty to disclose all statements of Mr. McGowan.  They failed to do so until July 26, 2013.  It appears from the evidence disclosed; the Government had knowledge of this matter in March and April of this year.  The Government's failure to disclose these statements prior to July 26, 2013 is the exact "trial by ambush" the Federal Rules of Criminal Procedure was designed to prevent.

---

[3] On July 22, 2013, defense counsel participated with the Government in a discovery conference.  Defense counsel requested that any wiretaps with Mr. McGowan on them be provided.  The Government advised that only one recording existed at that time.  The recordings turned over on July 26, 2013 did contain recordings of Mr. McGowan.  At this time, defense counsel has been unable to review all the recording to determine what statements Mr. McGowan has made.

II.     **Evidence Obtained After The Conspiracy Was Completed Should Be Excluded**

Although Mr. McGowan was only provided with the statements made by the alleged co-conspirators this afternoon, defense counsel will attempt to address this issue.

When determining whether a statement is admissible against a co-conspirator, the Court must find "there is substantial evidence, independent of the extrajudicial statements, 'that (1) a conspiracy existed, (2) that the co-conspirator and the defendant against whom the statement is to be offered were members of the conspiracy, and (3) that the statement was made during the course and in furtherance of the conspiracy." *United States v. Monaco*, 702 F.2d 860, 876 (11th Cir. 1983)(quoting *United States v. Alvarez*, 696 F.2d 1307 (5th Cir. 1983).[4] Furthermore, at the conclusion of the government's case, the Court should reconsider whether the initial *James* ruling was correct and whether the government in fact did prove all three facts "by a preponderance of the independent evidence." *Id.*

---

[4] "We hold that the decision of the United States Court of Appeals for the Fifth Circuit (the "former Fifth" or the "old Fifth"), as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit." *Bonner v. City of Prichard*, 661 F. 2d 1206, 1207 (11th Cir. 1981).

While Mr. McGowan cannot be sure, it appears the Government intends to use statements made by Mr. McGowan to alleged co-conspirators after Mr. McGowan's arrest.[5]   The Eleventh Circuit has held the following:

> "We start with the observation that the post-arrest utterances of coconspirators do not qualify as non-hearsay under Fed. R. Evid. 801(d)(2)(E), which removes from the realm of hearsay statements made by a coconspirator during and in furtherance of the conspiracy.   A coconspirator's participation in a conspiracy *ends with his arrest*, and therefore his post-arrest statements are not made during the course of the conspiracy."   *United States v. Postal*, 589 F.2d 862, 888 (5th Cir. 1979)(emphasis added)(citing *United States v. Arias-Diaz*, 497 F.2d 165, 171 (5th Cir. 1974); Cert denied, 420 U.S. 1003, 95 S.Ct. 1446 (1975).

Most statements made by a co-conspirator after an arrest is inadmissible. *United States v. Gomez*, 927 F.2d 1530, 1535 (11th Cir. 1991).   The reason is simple: a co-conspirator's participation in a conspiracy concludes at the time of their arrest.   *United States v. Payne*, 148 Fed. Appx. 804, 807 (11th Cir. 2005).

The Government contends that the alleged statements made by Mr. McGowan were in furtherance of the conspiracy.   While defense counsel has not been able to review all of these newly disclosed statements, they are inadmissible under Rule 801(d)(2)(E).

The Government cited numerous cases in their trial brief.   [Doc. 133, p. 15-17].   In almost every case, the defendant in the case had not been arrested when

---

[5] We cannot be sure of this fact because the statements of the alleged co-conspirators have not be turned over at this time.

they made a statement to another conspirator.  In this case, Mr. McGowan was placed under arrest on October 5, 2011.  The Government hopes to use statements made by Mr. McGowan after that date, when his alleged involvement with the crimes for which he had been charged concluded.  As the Eleventh Circuit has held, a co-conspirator's involvement in a conspiracy concludes at the time of their arrest. *United States v. Payne*, 148 Fed. Appx. 804, 807 (11th Cir. 2005). Therefore, all statements made by Mr. McGowan after his arrest should be excluded.

## <u>CONCLUSION</u>

For the reasons stated herein, Mr. McGowan seeks exclusion of the alleged

co-conspirators as witnesses, and all evidence found as a result of their

disclosures.

Done this the 29th day of July, 2013.

Respectfully Submitted,


<u>/s/ James W. Parkman, III</u>
ATTORNEY FOR DEFENDANT




OF COUNSEL:
James W. Parkman, III
Parkman, Adams & White, LLC
1929 3rd Avenue North, Suite 700
Birmingham, AL 35203
(205) 244-1920
parkman@parkmanlawfirm.com



## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this the 29th day of July, 2013, electronically
filed the foregoing with the Clerk of Court using the CM/ECF system which will
send notification to all counsels of record.

<u>/s/ James W. Parkman, III</u>
OF COUNSEL